**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| REPUBLIC TOBACCO, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 3267 |
| | ) | |
| v. | ) | Honorable Rebecca R. Pallmeyer |
| | ) | |
| COMMONWEALTH BRANDS, INC., | ) | Magistrate Judge Martin C. Ashman |
| | ) | |
| Defendant. | ) | |

**REPUBLIC TOBACCO, L.P.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE
COUNTERCLAIM OF COMMONWEALTH BRANDS, INC.**

On August 29, 2008 Commonwealth Brands, Inc. ("CBI") filed its Answer, Affirmative

Defenses, and Counterclaim to Republic Tobacco, L.P.'s ("Republic's") Amended Complaint.

Republic answers the Counterclaim of CBI as follows:

1.      This court has subject matter jurisdiction over this counterclaim pursuant to

Federal Rule of Civil Procedure 13(a) and 28 U.S.C. § 1367(a).

**ANSWER:**  Republic denies that CBI's counterclaim is a compulsory counterclaim

under Federal Rule of Civil Procedure 13(a).

2.      Commonwealth Brands, Inc. ("CBI") brings this counterclaim pursuant to 28

U.S.C. § 2201, the Declaratory Judgment Act, because a case of actual controversy within this

court's jurisdiction exists which permits this court to declare the rights and legal relations of CBI.

**ANSWER:**  Admitted.

3.      CBI is likely to be damaged by Republic Tobacco, L.P.'s continued assertion in

its Complaint, and in the relevant market in interstate commerce in the United States, that it owns

the exclusive right to use the numerical designations "1.5" and "1.25" in connection with cigarette

papers and has the right to exclude CBI from using those functionally descriptive or generic

terms to describe the sizes of its own cigarette papers.

**ANSWER:** Denied.

4.    CBI is actually involved in the sale and distribution of cigarette rolling papers, which are products of the same nature of Plaintiff's goods described in the Complaint.

**ANSWER:** Republic admits that CBI is actually involved in the sale and distribution of cigarette rolling papers. Republic denies the remaining allegations of this paragraph.

5.    CBI is not a party to the 1979 Settlement Agreement alleged in the Complaint of Plaintiff, Republic Tobacco.

**ANSWER:** Denied.

6.    CBI has used the decimal designations "1.5" and "1.25" in interstate commerce in the United States to describe the relative size of its cigarette papers.

**ANSWER:** Republic admits that during the past 30 years, CBI and its predecessor Robert Burton Associates, have used the decimal designations "1.5" and "1.25" on two occasions in connection with cigarette rolling papers. The first instance, in 2001, is described by CBI's predecessor, RBA, as "being used by mistake" (Am. Cplt., Ex. F). *See also* Am. Cplt., Exs. D and F ("mistakenly used"). CBI's second use of the designations "1.5" and "1.25," in April 2008, is described in ¶¶ 21-22 of Republic's Complaint following which CBI wrote to Republic to state that "the use in this instance was not intentional." (Am. Cplt., Ex. G). Republic denies the remaining allegations of this paragraph.

7.    CBI has a valid and legal right to describe its cigarette rolling papers by size using the functionally descriptive or generic terms. Republic improperly claims the exclusive right to use those terms.

**ANSWER:** Denied.

8.      The numerical designations "1.5" and "1.25" are functionally descriptive or generic and incapable of becoming marks.

**ANSWER:**  Denied.

9.      Even if the numerical designations "1.5" and "1.25" are considered merely descriptive, they have not acquired secondary meaning as Plaintiff's marks. Further, even if the numerical designations had become Plaintiff's marks, any use of the numerical designations by CBI to describe the size of its cigarette papers is a privileged fair use.

**ANSWER:**  Denied.

10.     Republic has not acquired and can not acquire, any trademark rights in the numerical designations "1.5" and "1.25".

**ANSWER:**  Denied.

11.     CBI's use of the numerical designations "1.5" and "1.25" in interstate commerce in the United States to describe the relative size of its cigarette papers was a fair use and did not infringe any legally protected rights claimed by the Plaintiff, Republic Tobacco, in its Complaint.

**ANSWER:**  Denied.

12.     CBI desires to use the decimal designations "1.5" and "1.25" in interstate commerce in the United States, in the future, to describe the relative size of its cigarette papers free from the future claims of trademark infringement, unfair competition and breach of contract asserted by Republic Tobacco.

**ANSWER:**  On information and belief, denied.

Republic denies that CBI is entitled to the relief it seeks in its prayer for relief and denies any allegation in the CBI's counterclaim not otherwise specifically admitted or addressed

herein.

## AFFIRMATIVE DEFENSES TO CBI'S COUNTERCLAIM

1.      CBI fails to state a claim upon which relief may be granted.

2.      CBI lacks standing to bring the counterclaim based upon Section 3 of the
1979 Settlement Agreement.

3.      CBI's counterclaim is barred by the doctrine of acquiescence based upon the
1979 Settlement Agreement and 2001 Letter Agreements.

4.      CBI's counterclaim is barred by the doctrine of waiver based upon the 1979
Settlement Agreement and 2001 Letter Agreements.

5.      CBI's counterclaim is barred by estoppel based upon the 1979 Agreement and
the 2001 Letter Agreements.

6.      CBI's counterclaim is barred by the doctrine of unclean hands because it has
engaged in inequitable conduct by violating the 1979 Agreement and the 2001 Letter
Agreements and infringing on CBI's marks after Republic's owner refused to sell Republic
to CBI's parent company.

WHEREFORE, Republic asks that the CBI's Counterclaims be dismissed in their entirety,
with costs and fees awarded to Republic and with such other relief as the Court deems just and
equitable.

Dated:  September 5, 2008                    Respectfully submitted,

                                            Republic Tobacco, L.P.


                                            By: /s/ Pei Y. Chung
                                                One of Their Attorneys
Charles S. Bergen
Peter S. Roeser
Pei Y. Chung
Grippo & Elden, LLC
111 South Wacker Drive
Chicago, Illinois 60606
(312) 704-7700

<u>**CERTIFICATE OF SERVICE**</u>

I, Pei Y. Chung, counsel for Plaintiff Republic Tobacco, L.P. hereby certify that on

September 5, 2008, a copy of the foregoing **REPUBLIC TOBACCO, L.P.'S ANSWER AND**

**AFFIRMATIVE DEFENSES TO THE COUNTERCLAIM OF COMMONWEALTH**

**BRANDS, INC.** was served by Electronic Mail Transmission via ECF as to Filing Users upon

each of the following counsel of record:

> Michael P. Padden
> Howrey LLP
> 321 North Clark Street
> Suite 3400
> Chicago, Illinois 60654
> Tel. (312) 595-1149
> Fax: (312) 595-2250
>
> Robert E. Scully, Jr.
> Brewster B. Taylor
> Emily Harwood Smith
>  Stites & Harbsion PLLC
> 1199 N. Fairfax Street
> Suite 900
> Alexandria, Virginia 22314
> Tel. (703) 739-4900
> Fax: (703) 739-9577

_/s/  Pei Y. Chung_____
Pei Y. Chung
