UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REPUBLIC TOBACCO, L.P., an Illinois Limited Partnership, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 08 C 3267 ) |
| COMMONWEALTH BRANDS, INC., a Kentucky Corporation, | ) Judge Rebecca R. Pallmeyer ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Republic Tobacco, L.P. brought this action against Defendant Commonwealth Brands, Inc. to enforce a settlement agreement entered into by the parties' predecessors-in-interest. A year ago, the court granted Plaintiff's motion for summary judgment and ruled that Defendant had breached the agreement by using the figure "1.25" on an order form for cigarette papers promoted at a tobacco trade show. *See Republic Tobacco, L.P. v. Commonwealth Brands, Inc.,* No. 08 C 3267, 2009 WL 528786 (N.D. Ill. Mar. 3, 2009). In its answer to the complaint, Defendant had filed a counterclaim in which it sought a declaratory judgment that it was not in breach of the parties' earlier agreement. Plaintiff seeks summary judgment in its favor on that counterclaim, a result effectively mandated by the court's earlier ruling. For the reasons stated in the earlier opinion and as explained below, Plaintiff's motion is granted.

A more detailed discussion of the background of this case is found in the court's earlier opinion. Briefly, Plaintiff and Defendant are competitors who sell roll-your-own cigarette papers. Plaintiff's offerings include "JOB 1.25" and "JOB 1.5" papers. Defendant's include "JOKER" and "EZ-WIDER" brands. Back in 1977, Plaintiff's predecessor sued Defendant's predecessor, challenging the use by Defendant's predecessor of the designations "1 ½" and "1 ¼" on packaging and other materials. The parties settled that case pursuant to a written agreement that authorized Defendant's predecessor to use the fractional designations so long as they were placed in

"reasonable proximity" to the brand name, but prohibited Defendant's predecessor from using the decimal designations. Thirty-one years later, Plaintiff brought this new action, alleging that Defendant had breached the decades-old agreement by distributing an order form at a trade show using the decimal designations 1.25 and 1.50. The court ruled that the use of 1.25 violated the agreement but the use of 1.50 (as opposed to 1.5) did not.

In its answer to the complaint, Defendant asserted a counterclaim in which it asked the court to

> (a) declare that Commonwealth Brands, Inc. has the right to use the numerical designations "1.25" and "1.5" in the United States to describe the relative sizes of its cigarette papers;
>
> (b) declare that the numerical designations "1.25" and "1.5" are functionally descriptive or generic as used in connection with cigarette papers, or, if merely descriptive, have not attained secondary meaning and are not protectable under the trademark laws or, in the alternative, declare that even if the numerical designations may be protected under the trademark laws, CBI's use of them is a fair use;
>
> (c) declare that CBI's use of the decimal designations does not violate the alleged 1979 Settlement Agreement, to which it is not a party;

Plaintiff moves for summary judgment on that counterclaim, essentially arguing that the court's previous opinion defeats the counterclaim.

The court agrees. The first and third declarations that Defendant seeks are squarely inconsistent with the court's earlier ruling; they effectively mirror the claim on which the court granted summary judgment to Plaintiff. "'It is well settled that such repetitious and unnecessary pleadings should be stricken.'" *United States v. Zanfei*, 353 F. Supp. 2d 962, 965 (N.D. Ill. 2005) (*quoting Rayman v. Peoples Savings Corp.*, 735 F. Supp. 842, 851-52 (N.D. Ill. 1990)); *see also Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985). Although the court may be technically free to reconsider its rulings, the law-of-the-case doctrine counsels against reexamination of a previous determination in the same case "absent exceptional circumstances such as a change in the law, new evidence, or compelling circumstances." *Zhang v. Gonzales*, 434

F.3d 993, 998 (7th Cir. 2006).

Defendant's argument for reconsideration of the court's earlier ruling is that, based on the terms of the settlement agreement, Defendant is no longer restricted from using "1.25" and "1.5" because Plaintiff has had notice of other unlicensed uses of those designations and those uses have not ceased. Defendant could have raised this argument in opposition to the earlier motion for summary judgment, but, as the court noted in ruling on that motion, it did not. *Republic Tobacco, L.P.*, 2009 WL 528786, at *7. The argument does rely on evidence not previously presented, but it is not "new" evidence; it was available at the time the Plaintiff's earlier motion was briefed, and Defendant fails to explain why it did not raise the matter sooner. This is, therefore, not one of the exceptional cases where the court should reconsider its previous ruling. "A party seeking to defeat a motion for summary judgment is required to 'wheel out all its artillery to defeat it.'" *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) *(quoting Employers Insurance of Wausau v. Bodi-Wachs Aviation Insurance Agency, Inc.*, 846 F. Supp. 677, 685 (N.D. Ill. 1994)) Because Defendant failed to do so in opposition to Plaintiff's first motion, its arguments in opposition to the current motion are barred.[1]

The only other declaration that Defendant seeks in the counterclaim is one that the court declines to address. Because the court has ruled that the settlement agreement bars Defendant from using the numerical designations "1.25" and "1.5," any further ruling on whether those designations are descriptive or generic or a ruling on whether they are capable of being trademarked would not affect the rights of these parties, who are before the court on a contract dispute; such a ruling would be purely advisory. *Idris v. City of Chicago*, 552 F.3d 564, 567 (7th

---

[1] The court notes that it has considered the arguments made by Defendant in its surreply brief regarding whether the law-of-the-case doctrine applies. On that issue, Defendant's motion to file the surreply brief is granted. Having concluded that the doctrine applies, the court has no cause to consider the other arguments discussed in the surreply brief. On those issues, the motion is denied as moot.

Cir. 2009) ("federal courts do not issue advisory opinions on situations that do not affect the litigants"). The court expresses no opinion on the question of whether terms that Defendant agreed not to use might lawfully be used by third parties.

Accordingly, Plaintiff's Motion for Summary Judgment on Defendant's Counterclaim [50] is granted. Defendant's Motion for Leave to File a Surreply Brief and to Substitute Corrected Declarations [60] is granted in part and otherwise denied as moot.

ENTER:

Dated: March 16, 2010

_____
REBECCA R. PALLMEYER
United States District Judge